S. Michael Kernan, State Bar No. 181747
R. Paul Katrinak, State Bar No. 164057
THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
Telephone: (310) 490-9777
Facsimile: (310) 861-0503

Attorney for Defendants
Alberto Lensi and
Trans-American Films International Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DISALLE, an individual,<br><br>Plaintiff<br><br>v.<br><br>ALBERTO LENSI, an individual; TRANS-AMERICAN FILMS INTERNATIONAL CORPORATION, a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | Case Number: 2:22-CV-02152<br><br>Assigned for all purposes to the Honorable Rozella A. Oliver<br><br>**DEFENDANTS ALBERTO LENSI AND TRANS-AMERICAN FILMS INTERNATIONAL CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Alberto Lensi and Trans-American Films International Corporation (collectively "Defendants") respond to the complaint of Plaintiff Mark DiSalle ("Plaintiff") as follows:

## NATURE OF ACTION

1. Defendants deny the allegations in paragraph 1.
2. Defendants deny the allegations in paragraph 2.
3. Defendants deny the allegations in paragraph 3.
4. Defendants deny the allegations in paragraph 4.

## JURISDICTION AND VENUE

5. Without admitting the validity thereof, Defendants admits that this Court has subject matter jurisdiction over Plaintiff's federal claims.
6. Without admitting the validity thereof, Defendants admits that this Court has personal jurisdiction over Plaintiff's federal claims.
7. Without admitting the validity thereof, Defendants admits that venue is proper in this District for Plaintiff's federal claims.

## PARTIES

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.
9. Defendant Alberto Lensi is a green card holder and resides in the State of Florida, in Miami-Dade County. Defendant denies that he is a citizen of the United States.
10. Admit.
11. The allegations of paragraph 11 constitute legal conclusions and argument to which no response is required. In addition, Doe amendments are not permitted in Federal Court. To the extent a response is required, Defendants deny the allegations of paragraph 11.

///
///

1    12. The allegations of paragraph 12 constitute legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 12.

    13. The allegations of paragraph 13 constitute legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 13.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

    14. Defendants admit that Plaintiff entered into the referenced agreement. Except as otherwise answered, Defendants deny the remaining allegations in paragraph 14.

    15. Defendants deny the allegations in paragraph 15 because the quoted language is taken out of context and leaves out other agreements. Except as otherwise answered, Defendants deny the remaining allegations in paragraph 15.

    16. Defendants admit that Plaintiff entered into the referenced agreement. Except as otherwise answered, Defendants deny the remaining allegations in paragraph 16.

    17. Defendants deny the allegations in paragraph 17 because the quoted language is taken out of context and leaves out other agreements. Except as otherwise answered, Defendants deny the remaining allegations in paragraph 17.

    18. The allegations of paragraph 18 constitute legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 18.

    19. Defendants admit that Plaintiff entered into the referenced agreement. Except as otherwise answered, Defendants deny the remaining allegations in paragraph 19.

    20. Defendants admit that Plaintiff entered into the referenced agreement. Except as otherwise answered, Defendants deny the remaining allegations in paragraph 20.

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

21. Defendants deny the allegations in paragraph 21.

22. Defendants admit that they own *Bloodsport III* and *Bloodsport IV* Except as otherwise answered, Defendants deny the remaining allegations in paragraph 22.

23. Defendants admit that the *Bloodsport* film was released in 1988. Except as otherwise answered, Defendants deny the remaining allegations in paragraph 23.

24. To the extent a response is required, Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. The allegations of paragraph 18 constitute legal conclusions and argument to which no response is required. To the extent a response is required, Defendants admit that they own *Bloodsport II*, *Bloodsport III*, and *Bloodsport IV* and deny the remaining allegations of paragraph 18.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants admit that trademarks were registered. Except as otherwise answered, Defendants deny the remaining allegations in paragraph 31.

32. Defendants admit that the trademark was registered and that the update was filed. Except as otherwise answered, Defendants deny the remaining allegations in paragraph 32.

33. Defendants admit that the documents referenced were filed. Except as otherwise answered, Defendants deny the remaining allegations in paragraph 33.

///

///

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies this paragraph.

35. Defendants deny the allegations in paragraph 35.

36. Defendants admit that the trademark was registered. Except as otherwise answered, Defendants deny the remaining allegations in paragraph 36.

37. Defendants admit that the update was filed. Except as otherwise answered, Defendants deny the remaining allegations in paragraph 37.

38. Defendants admit that that the additional trademark applications were filed to register the "Bloodsport" mark. Except as otherwise answered, Defendants deny the remaining allegations in paragraph 38.

39. Defendants admit that Plaintiff entered into the referenced agreement. Except as otherwise answered, Defendants deny the remaining allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants admit the letter was sent. Except as otherwise answered,, Defendants deny the remaining allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

## COUNT I: DECLARATORY RELIEF

(Against All Defendants)

49. Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this answer.

50. Defendants deny the allegations in paragraph 50.
51. Defendants deny the allegations in paragraph 51.
52. Defendants deny the allegations in paragraph 52.
53. Defendants deny the allegations in paragraph 53.
54. Defendants deny the allegations in paragraph 54.

## COUNT II: FEDERAL UNFAIR COMPETITION

### Against All Defendants

55. Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this answer.
56. Defendants deny the allegations in paragraph 56.
57. Defendants deny the allegations in paragraph 57.
58. Defendants deny the allegations in paragraph 58.
59. Defendants deny the allegations in paragraph 59.
60. Defendants deny the allegations in paragraph 60.
61. Defendants deny the allegations in paragraph 61.
62. Defendants deny the allegations in paragraph 62.
63. Defendants deny the allegations in paragraph 63.
64. Defendants deny the allegations in paragraph 64.
65. Defendants deny the allegations in paragraph 65.
66. Defendants deny the allegations in paragraph 66.
67. Defendants deny the allegations in paragraph 67.
68. Defendants deny the allegations in paragraph 68.
69. Defendants deny the allegations in paragraph 69.
70. Defendants deny the allegations in paragraph 70.
71. Defendants deny the allegations in paragraph 71.
72. Defendants deny the allegations in paragraph 72.

///
///

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

## COUNT III: FEDERAL FRAUDULENT TRADEMARK REGISTRATION

(Against All Defendants)

73. Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this answer.

74. Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

## COUNT IV: FEDERAL TRADEMARK DILUTION

(Against All Defendants)

80. Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this answer.

81. Defendants deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

83. Defendants deny the allegations in paragraph 83.

84. Defendants deny the allegations in paragraph 84.

## COUNT V: FEDERAL COMMON LAW TRADEMARK INFRINGEMENT

(Against All Defendants)

85. Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this answer.

86. Defendants deny the allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

## PRAYER FOR RELIEF

To the extent a response is required, Defendants deny that Plaintiff suffered damages and deny that Plaintiff is entitled to any relief by statute, law, equity, or otherwise, from Defendants.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants assert the following additional defenses in response to the allegations in the Complaint. Defendants reserve the right to amend this answer with additional defenses as further information is obtained. By alleging these additional defenses, the Defendants are not in any way agreeing or conceding that they have the burden of proof or persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint and each of its causes of action against Defendants fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver and Laches)

2. The Complaint and each of its causes of action are barred against Defendants by the doctrines of waiver and laches.

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

3. Plaintiff's claims are barred against Defendants, in whole or in part, by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

4. Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if it was allowed to recover any part of the damages alleged. Specifically, Plaintiff would be recovering damages to which he is not

entitled because he granted, written consent to license or assign the rights obtained by virtue of the agreements at issue in this action.

## FIFTH AFFIRMATIVE DEFENSE
### (Copyright Preemption)

5. Plaintiff's claims are preempted by Federal Copyright Law.

## SIXTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

6. Plaintiff's claim for injunctive relief is barred in light of the fact that it has an adequate remedy at law, and therefore, is not entitled to equitable relief. Plaintiff's claim for injunctive relief is also barred in light of the fact that it has not suffered and will not suffer irreparable harm due to any alleged conduct by Defendants. Defendants dispute that Plaintiff suffered any harm whatsoever; but if he was harmed, he has an adequate remedy at law in the form of monetary damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure To Mitigate)

7. If Plaintiff suffered any damages, it would be because Plaintiff did not timely take reasonable steps to mitigate its alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

8. The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of estoppel. Specifically, Plaintiff is estopped from seeking recovery in this action because he granted written consent to license or assign the rights obtained by virtue of the agreements at issue in this action.

## NINTH AFFIRMATIVE DEFENSE
### (Punitive Damages Violate Due Process Rights)

9. The Complaint, to the extent that it seeks statutory, exemplary, or

punitive damages against Defendants, violates Defendants' rights to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution, and under Article I, Section 7 of the Constitution of the State of California, and therefore fails to state a cause of action upon which damages may be awarded.

### TENTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

10. The Complaint's claims for damages against the Virgin Produced Defendants are barred because Plaintiff's alleged damages are speculative or uncertain in their nature and are not susceptible of proof with reasonable certainty.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith Transferee)

11. Plaintiff's claims are barred because Defendants are good faith transferees of any rights to the *Bloodsport* films.

### TWELFTH AFFIRMATIVE DEFENSE
### (Real Party in Interest and Lack of Representation)

12. Plaintiff's claims are barred because Plaintiff is not the real party in interest and further because the party under the Agreements on whose behalf Plaintiff purports to sue has no rights under the Agreements at issue.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Other Defenses)

13. Defendants intends to rely on any other defenses that may be available by law, or pursuant to statute, of which it becomes aware as a result of discovery or otherwise during the course of this matter, and hereby reserves the right to assert such defenses.

///
///

**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, Defendants pray as follows:

1. That Plaintiff takes nothing by reason of their Complaint and that judgment is rendered in favor of Defendants;
2. That Defendants be awarded their costs of suit, including reasonable attorney's fees, incurred in defense of this action; and
3. For such other relief as the Court deems proper.

**COUNTERCLAIM**

Defendants Alberto Lensi and Trans-American Films International Corporation, for themselves and themselves alone, hereby set forth their Counter-Claim to Plaintiff Mark DisSalle's ("Plaintiff") Complaint as follows:

**COUNTERCLAIMS**

1. Counter-Claimants Alberto Lensi and Trans-American Films International Corporation (collectively "Counter-Claimants") complain and allege the following counter-claims against Counter-Defendant Mark DiSalle (collectively "Counter-Defendant").

**PARTIES**

2. Counter-Claimants are film producers.
3. Plaintiff is an individual, who Counter-Claimants are informed and believe resides in the State of Washington.

**JURISDICTION AND VENUE**

4. This court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1332, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.
5. Venue is proper in the Court pursuant to 28 U.S.C. §1391.

///
///

# FIRST COUNTER-CLAIM

## Declaratory Relief

6. Counter-Claimants hereby re-allege and incorporate by reference the allegations of paragraphs 1 through 5 above as if fully set forth herein.

7. An actual controversy exists between Counter-Claimants and Counter-Defendant.

8. This controversy is in regard to the use and ownership of the rights to the film *Bloodsport*, the derivative works from the film and trade mark rights.

9. Counter-Defendant asserts that he is the lawful owner of said rights to the film *Bloodsport*.

10. Accordingly, Counter-Claimants seek a judicial declaration that Counter-Claimants own all rights to *Bloodsport*, including derivative works from the film and trade mark rights.

## SECOND COUNTER-CLAIM

## Intentional Interference with Contract

11. Counter-Claimants hereby re-allege and incorporate by reference the allegations of paragraphs 1 through 10 above as if fully set forth herein.

12. Counter-Claimants had a valid contract with Universal to produce a sequel to *Bloodsport*. In addition, there was a probability of future economic benefits from exploitation of *Bloodsport*.

13. Counter-Defendant had knowledge of the existence of the Universal contract.

14. Counter-Claimants are informed and believe, and that basis allege, that Counter-Defendants intentionally disrupted the contractual relationship with universal by claiming that he had rights in *Bloodsport* that he had previously relinquished.

15. The contract with Universal was disrupted because after Counter-Defendant asserted his invalid claim, Universal pulled out of the agreement.

16. As a proximate result of said actions, Counter-Claimants have suffered and will continue to suffer damages to their business, reputation and good will. In addition, they have and will incur loss of revenues and profits, which would not have occurred in the absence of said wrongful conduct.

17. Counter-Claimants have been damaged in an amount to be proven at trial but no less than $2,500,000.00.

## THIRD COUNTER-CLAIM

### Negligent Interference with Economic Relations

18. Counter-Claimants hereby re-allege and incorporate by reference the allegations of paragraphs 1 through 17 above as if fully set forth herein.

19. Counter-Defendant knew or reasonably should have known that his actions complained of herein, would likely interfere with Counter-Claimants' economic relationships.

20. Counter-Defendant's actions harmed Counter-Claimants financially and induced Universal to sever its business relationship with Counter-Claimants.

21. As a proximate result of said actions, Counter-Claimants have suffered and will continue to suffer damages to their business, reputation and good will. In addition, they have and will incur loss of revenues and profits, which would not have occurred in the absence of said wrongful conduct.

22. Counter-Claimants have been damaged in an amount to be proven at trial but no less than $2,500,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Claimants pray for judgment in its favor against Counter-Defendant for the following relief:

1. Declaratory Judgment that Counter-Claimants own all rights to *Bloodsport*, including derivative works from the film and trade mark rights.

2. That Counter-Claimants be awarded damages for Counter-Defendants' acts of intentional interference; that this be deemed an exceptional case; and that Counter-Claimants be entitled to punitive damages.

3. An award of pre-judgment and post-judgment interest and costs of this action against Defendants.

4. Such other and further relief as this Court may deem just.

Dated: May 10, 2022                    THE KERNAN LAW FIRM


By: __/s/ S. Michael Kernan__
     S. Michael Kernan
     Attorneys for Defendants
     Alberto Lensi and Trans-American
     Films International Corporation

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 9663 Santa Monica Boulevard, Suite 450, Beverly Hills, California 90210.

On May 10, 2022, I served the foregoing document(s) described as:

**DEFENDANT VIRGIN PRODUCED 2.0, LLC RESPONSES TO PLAINTIFF NOEMI DEL RIO'S SECOND SET OF INTERROGATORIES**

on the interested Party to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

To be served on Plaintiff's counsel of record:

    (BY MAIL) I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid and addressed to the person below:

    (BY FAX) on the party by transmitting via facsimile the document(s) listed above to the fax number(s) set forth above on this date. The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and the transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2009(c)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this facsimile.

    (BY PERSONAL SERVICE) by causing a true and correct copy of the above documents to be hand delivered in sealed envelope(s) with all fees fully paid to the person(s) at the address(es) set forth below.

X    (BY EMAIL) I caused such documents to be delivered via electronic mail to the email addresses for counsel on the attached list.

Executed May 10, 2022, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

                                                /s/ R. Paul Katrinak
                                                R. Paul Katrinak

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777