Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. # 318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DISALLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO LENSI, an individual; TRANS-AMERICAN FILMS INTERNATIONAL CORPORATION, a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No. 22-cv-02152-SSS-PVCx<br><br>**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT (PURSUANT TO THE COURT'S JUNE 24, 2022 REASSIGNMENT ORDER)**<br><br>Conference Date: TBD<br>Time: TBD<br>Ctrm: 2<br>Judge: Hon. Sunshine S. Sykes |

Pursuant to Federal Rule of Civil Procedure 26(f)(3) and Rule 26-1 of the Local Rules of the Central District of California, and the Court's Order of June 24, 2022 regarding reassignment of this case, Plaintiff Mark DiSalle ("Plaintiff") and Defendants Alberto Lensi and Trans-American Films International Corporation ("Defendants") submit the following joint report, case management statement and discovery plan.

A. **Date Case Was Filed**: March 31, 2022

B. **Parties:** The Plaintiff and Counterclaim-Defendant is Mark DiSalle, an individual; the Defendants and Counterclaimants are Alberto Lensi, an individual, and Trans-American Films International Corporation, a Delaware corporation, and additional Doe Defendants 1-10.

C. **Summary of Plaintiff's Claims**:

   1. **Declaratory Relief** as to the parties respective intellectually property rights in and to Plaintiff's original screenplay entitled "Bloodsport" ("Property"), which served as the basis for the iconic 1988 motion picture *Bloodsport*, starring Jean Claude Van Damme, which Plaintiff produced. Plaintiff seeks a declaratory judgment that he retained and owns the remake and sequel rights (other than a single previously licensed sequel) to his original Property and a common law "Bloodsport" trademark mark;

   2. **Federal Unfair Competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)** for Defendants' improper clouding Plaintiff's common law *Bloodsport* mark. Plaintiff seeks preliminary and permanent injunctive relief and to recover Defendants' profits, enhanced profits, Plaintiff's actual damages and reasonable attorneys' fees and costs under 15 U.S.C. §§ 1125(c), 1116 and 1117, in amounts to be proven at trial;

3. **Federal Fraudulent Trademark Registration** for Defendants' unauthorized and false registration of purported "Bloodsport" trademarks with the USPTO. Plaintiff seeks damages under the Lanham Act, 15 U.S.C. § 1120, for the direct and proximate harm suffered due to Defendants misrepresentations and the consequent impairment of Plaintiff's intellectual property in an amount to be proven at trial;

4. **Federal Trademark Dilution** for Defendants' dilution, tarnishment and degradation of Plaintiff's mark in commerce. Plaintiff seeks preliminary and permanent injunctive relief and to recover Defendants' profits, enhanced profits, Plaintiff's actual damages and reasonable attorneys' fees and costs under 15 U.S.C. §§ 1125(c), 1116 and 1117, in amounts to be proven at trial; and

5. **Federal Common Law Trademark Infringement** for Defendants' ongoing infringement of Plaintiff's common law *Bloodsport* mark. Plaintiff seeks preliminary and permanent injunctive relief, an accounting of Defendants' ill-gotten profits, damages and punitive damages in amounts to be determined at trial.

D. **Summary of Defendants' Counterclaims**:

1. **Declaratory Relief** as to the use and ownership of the rights in the film *Bloodsport*, the derivative works from the film and trade mark rights; Defendants and Counter-Claimants contend that they own all rights in *Bloodsport.*

2. **Intentional Interference with Contract** for Plaintiff and Counter-Defendant's intentional interference with the contract between Defendants and Counter-Claimants and Universal to produce a sequel to *Bloodsport*; and

      **3.**     **Negligent Interference with Economic Relations** for Plaintiff and Counter-Defendant's interference with Defendants and Counter-Claimants' business and economic relationship with Universal.

**E.**    **Description of Events Underlying Action**: Plaintiff Mark DiSalle ("DiSalle") originated and produced the iconic 1988 feature motion picture *Bloodsport* based upon his original screenplay entitled *Bloodsport*. DiSalle retained valuable intellectual property rights in *Bloodsport*, including without limitation motion picture "remake" rights. Plaintiff had entered into an option/purchase agreement regarding the Property with a third party with whom Defendants Alberto Lensi and his company Trans-American Films International Corporation (collectively "Lensi") had partnered, which agreement expired on its own terms. When DiSalle declined to renew the agreement, as was his right, Lensi asserted, for the first time, that Plaintiff had no Property interest, contrary to the agreement itself and Lensi's prior conduct. DiSalle thereupon filed this action to clarify his rights in his Property and *Bloodsport* and to remove the cloud placed on his rights by Lensi. Defendants deny and dispute Plaintiff's claims and contend that Plaintiff and Counter-Defendant intentionally interfered with Defendants and Counter-Claimants contract with Universal and negligently interfered with Defendants and Counter-Claimants economic relations with Universal.

**F.**    **Procedural History of the Case**: Plaintiff filed its Complaint on March 31, 2022, and thereafter duly served Defendants with the Summons and Complaint and requisite notices. Defendants filed their Answer and Counterclaims on May 10, 2022. Plaintiff and Counterclaim-Defendant filed his Answer to the Counterclaims on May 31, 2022. By order dated June 24, 2022, this case was re-assigned to the Honorable Sunshine S.

Sykes, and all case management conferences, including the conference pursuant to Rule 26(f) of the Federal Rules previously scheduled for July 15, 2022, were vacated. Accordingly, no case schedule or deadlines have been set yet in this case.

G. **Case Management Conference**: The initial conference pursuant to Rule 26(f) of the Federal Rules has not yet been rescheduled, and in any event, the initial case management order and schedule remains to be issued so this case can proceed in an orderly fashion.

H. **Synopsis of Principal Issues**: This is an action for relief concerning the validity and ownership of trademark and other intellectual property rights with respect to the *Bloodsport* film franchise. Plaintiff contends that Defendants improperly clouded his common law trademark and his other intellectual property rights in *Bloodsport*. Defendants contend that Plaintiff tortiously interfered with their contract with Universal to produce another *Bloodsport* film and deny Plaintiff's contentions.

I. **Initial Disclosures**: The parties stipulate to exchange the initial disclosures required by Rule 26(a) on or before July 22, 2022. The disclosures shall contain the information identified in Rule 26(a)(1) and shall be supplemented as required by Rule 26(e)(1). The parties do not seek any changes to the disclosure requirements under Rule 26(a), apart from their timing.

J. **Proposed Schedule**: The parties propose the following pretrial schedule, which was coordinated by the parties so as to align and not conflict with the schedule in other pending cases involving the parties and their counsel during the same time period:

1. No additional parties may be joined after October 13, 2022.
2. No amendments to the pleadings will be permitted after October 13,

2022.

3. Fact discovery, including written discovery and depositions, shall be completed on or before May 26, 2023.

4. The parties shall make required Rule 26(a)(2) disclosures with respect to any expert witnesses on or before June 9, 2023, and rebuttal expert witnesses on or before June 30, 2023.

5. Expert discovery shall be completed on or before July 28, 2023.

6. The last day to file dispositive motions shall be September 8, 2023.

7. A final pretrial conference shall be held on November 14, 2023, with a two-week jury trial estimated thereafter. The parties request that trial not be scheduled at this time so that trial can be coordained with other pending matters.

The parties agree that either party, individually or collectively, may seek leave of the Court to change any of the above dates for good cause.

K. **Proposed Discovery Plan**: The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. At this time, the parties do not request that the Court limit discovery into any particular subject matters. Plaintiff intends to seek discovery of facts concerning Defendants' relationship with Ed Pressman and Pressman Film, Defendants' attempts to make a *Bloodsport* remake/sequel, including with Universal Pictures, and Defendants' trademark and copyright claims, registrations, and applications. Defendants intend to seek discovery of Plaintiff's contentions and discovery from Ed Pressman and Pressman Films, Dux and Plaintiff's interference with the contract with Universal Pictures and interference with Defendants and Counter-Claimants economic relationship with Universal The parties agree that this section is without prejudice to or limitation of

5

JOINT RULE 26(f) REPORT

any party's ability to take relevant and appropriate discovery as well as any party's ability to oppose any requested discovery, and all parties reserve all rights with respect thereto.

L. **Issues of Disclosure, Discovery, or Preservation of ESI**: The parties agree to meet and confer to negotiate a protocol for the production of any Electronically Stored Information ("ESI"), to the extent the need for ESI arises.

M. **Proposed Limitations on Discovery**: The parties currently agree that no changes should be made in the limitations on discovery imposed under the Federal or Local Rules.

N. **Additional Items**

1. **Settlement**: The parties have engaged in some settlement discussions but have been unable to reach agreement. The parties agree to ADR Procedure No. 2 (mediation with a neutral selected from the Court Mediation Panel).

2. **Additional Parties and Case Management**: The parties do not anticipate any further case management issues.

3. **Severance, Bifurcation, Ordering of Proof**: The parties have not agreed as to the severance, bifurcation, or ordering of proof. Defendants seek bifurcation regarding contract language unless the issue is resolved before trial. Plaintiff opposes bifurcation. The parties request that bifurcation not be decided at this time.

4. **Jury Trial**: The parties have agreed to trial by jury.

5. **Amended Pleadings**: Plaintiff intends to move to strike Defendants' Second and Third Counterclaim and to move to sanction Defendants for their frivolous pleadings, and accordingly the amendment of pleadings is likely. Aside from motions to strike and for sanctions,

the parties reserve the right to amend or seek leave to amend as applicable.

6. **Magistrate**: At this stage in the litigation, the parties do not consent to trial before a Magistrate Judge.

7. **Rule 16 Orders**: The parties do not request that the Court issue any other orders under Rule 26(c) or Rule 16(b)-(c) at this time.

8. **Motion Practice**: Plaintiff intends to file a Rule 11 motion for sanctions to address Defendants' frivolous Second and Third Counterclaims. In addition, Plaintiff intends to file a special motion to strike Defendants' Second and Third Counterclaims under California's Anti-SLAPP statute. If Plaintiff files a Rule 11 motion for sanctions and a special motion to strike, Defendants intend to file a Rule 11 motion for sanctions, because Plaintiff's motions would be frivolous. The parties further expect to engage in dispositive motion practice, including motion(s) for summary judgment. The parties plan to file any such motions on or before September 8, 2023, the proposed last day to file motions. The parties have agreed to provide at least fourteen (14) days for any opposition to any dispositive motion.

DATED:  July 8, 2022          TOBEROFF & ASSOCIATES, P.C.

By:   */s/ Marc Toberoff*
         Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
*mtoberoff@toberoffandassociates.com*

Attorneys for Plaintiff


DATED:  July 8, 2022          THE KERNAN LAW FIRM

By:   */s/ S. Michael Kernan*
         S. Michael Kernan

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 459
Beverly Hills, CA 90210
Telephone: (310) 490-9777
*mkernan@kernanlaw.net*

Attorneys for Defendants

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: July 8, 2022          TOBEROFF & ASSOCIATES, P.C.

By: */s/ Marc Toberoff*
    Marc Toberoff

Attorneys for Plaintiff