Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. # 318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DISALLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO LENSI, an individual; TRANS-AMERICAN FILMS INTERNATIONAL CORPORATION, a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No. 22-cv-02152-SSS-PVCx<br><br>**JOINT RULE 26(f) REPORT**<br><br>Conference Date: September 16, 2022<br>Time: 2:00 p.m.<br>Ctrm: 2<br>Judge: Hon. Sunshine S. Sykes |

Pursuant to Federal Rule of Civil Procedure 26(f)(3) and Rule 26-1 of the Local Rules of the Central District of California, Plaintiff Mark DiSalle ("Plaintiff") and Defendants Alberto Lensi and Trans-American Films International Corporation ("Defendants") submit the following joint report and discovery plan.

a. **STATEMENT OF THE CASE**

**Description of Events Underlying Action**: Plaintiff originated and produced the iconic 1988 feature motion picture *Bloodsport* based upon his original screenplay entitled *Bloodsport*. Plaintiff retained valuable intellectual property rights in *Bloodsport*, including without limitation motion picture "remake" rights. Plaintiff had entered into an option/purchase agreement regarding the Property with a third party with whom Defendants had partnered, which agreement expired on its own terms. When Plaintiff declined to renew the agreement, as was his right, Defendants asserted, for the first time, that Plaintiff had no Property interest, contrary to the agreement itself and Defendants' prior conduct. Plaintiff filed this action to clarify his rights in his Property and *Bloodsport* and to remove the cloud placed on his rights by Defendants.

Defendants:  Defendants deny and dispute Plaintiff's claims and contend that they own the rights to *Bloodsport*.  Plaintiff transferred the limited rights that he had to Defendants (through a series of transactions). Plaintiff has no right in *Bloodsport* of any kind. Plaintiff and Counter-Defendant intentionally interfered with Defendants and Counter-Claimants contract with Universal and negligently interfered with Defendants economic relations with Universal.

**Plaintiff**:

1. **Declaratory Relief** as to the parties respective intellectually property rights in and to Plaintiff's original screenplay entitled "Bloodsport" ("Property"), which served as the basis for the iconic 1988 motion picture

1

*Bloodsport*, starring Jean Claude Van Damme, which Plaintiff produced. Plaintiff seeks a declaratory judgment that he retained and owns the remake and sequel rights (other than a single previously licensed sequel) to his original Property and a common law "Bloodsport" trademark mark;

    2.    **Federal Unfair Competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)** for Defendants' improper clouding Plaintiff's common law *Bloodsport* mark. Plaintiff seeks preliminary and permanent injunctive relief and to recover Defendants' profits, enhanced profits, Plaintiff's actual damages and reasonable attorneys' fees and costs under 15 U.S.C. §§ 1125(c), 1116 and 1117;

    3.    **Federal Fraudulent Trademark Registration** for Defendants' unauthorized and false registration of purported "Bloodsport" trademarks with the USPTO. Plaintiff seeks damages under the Lanham Act, 15 U.S.C. § 1120, for the direct and proximate harm suffered due to Defendants misrepresentations and the consequent impairment of Plaintiff's intellectual property;

    4.    **Federal Trademark Dilution** for Defendants' dilution, tarnishment and degradation of Plaintiff's mark in commerce. Plaintiff seeks preliminary and permanent injunctive relief and to recover Defendants' profits, enhanced profits, Plaintiff's actual damages and attorneys' fees and costs under 15 U.S.C. §§ 1125(c), 1116 and 1117; and

    5.    **Federal Common Law Trademark Infringement** for Defendants' infringement of Plaintiff's common law *Bloodsport* mark.

**Defendants**:

    1.    **Declaratory Relief** as to the use and ownership of the rights in the film *Bloodsport*, the derivative works from the film and trade mark rights; Defendants and Counter-Claimants contend that they own all rights in *Bloodsport*.

    2.    **Intentional Interference with Contract** for Plaintiff and Counter-

Defendant's intentional interference with the contract between Defendants and Counter-Claimants intentional interference with the contract between Defendants and Counter-Claimants and Universal to produce a sequel to *Bloodsport*; and

    **3.**    **Negligent Interference with Economic Relations** for Plaintiff and Counter-Defendants interference with Defendants and Counter-Claimants' business and economic relationship with Universal.

On the Second and Third causes of action, Defendants and Counter-Claimants have strong counter claims for Intentional Interference with Contract and Negligent Interference with Economic Relations. However, Plaintiff has limited funds, and any judgment would be a pyrrhic victory. Defendants are doing everything possible to limit the scope of this case. Plaintiff on the other hand has told Defendants that he will make this case as expensive as possible. Given these relative positions, Defendants have stated that they would dismiss the two interference Causes of Action because they serve no purpose, given the judgment proof nature of Plaintiff and Counter-Defendant. Plaintiff has filed a frivolous Anti-SLAPP motion, which is addressed below, on these two causes of action.

**Defendants Response to Plaintiff's Summary of his Claims:**

As to the declaratory relief claim, as noted, Plaintiff has no rights in the *Bloodsport* franchise. On the trademark claims, Plaintiff did not have a trademark. It is well settled a party cannot have trademark rights in a single motion picture. Moreover, plaintiff transferred all rights.

    **b.**    <u>**SUBJECT MATTER JURISDICTION**</u>

This Court has subject matter jurisdiction pursuant to the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and 1367(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1), because there is

complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

### c. LEGAL ISSUES

This is an action for relief concerning the validity and ownership of trademark and other intellectual property rights with respect to the *Bloodsport* film franchise. Plaintiff contends that Defendants improperly clouded his common law trademark and his other intellectual property rights in *Bloodsport*. Defendants contend that Plaintiff has no rights in *Bloodsport*, tortiously interfered with their contract with Universal to produce another *Bloodsport* film and deny Plaintiff's contentions.

### d. PARTIES AND EVIDENCE

The Plaintiff and Counterclaim-Defendant is Mark DiSalle, an individual; the Defendants and Counterclaimants are Alberto Lensi, an individual, and Trans-American Films International Corporation, a Delaware corporation, and additional Doe Defendants 1-10. Alberto Lensi is the principal of Trans-American Films International Corporation.

Aside from the parties themselves, Ed Pressman and a designee for Universal will likely be witnesses in this case.

Key documents in the case include the contracts involving the parties, correspondence concerning those contracts, and Defendants' trademark registrations and applications for "Bloodsport."

### e. DAMAGES

Plaintiff's damage estimate ranges from $15,000,000-20,000,000.

Defendants' position regarding Plaintiff's damages is that these estimates are simply not realistic for this independent film on which Plaintiff only made $100,000 for the first film. On the subsequent films he earned $25,000. Plaintiff has no damages, but if he did prevail, he would win $25,000 at most.

f. **INSURANCE**

The parties are unaware of any applicable insurance coverage at this time.

g. **MOTIONS**

**Plaintiff:** Plaintiff has moved to strike Defendants' Second and Third Counterclaims for Intentional Interference with Contract and Negligent Interference with Economic Relations, respectively, and intends to move to sanction Defendants for their frivolous pleadings, and accordingly, the amendment of pleadings is likely. Aside from motions to strike and for sanctions, Plaintiff reserves the right to amend or seek leave to amend as applicable.

**Defendants:** Plaintiff's position on the motions is not well taken. Yes, Plaintiff filed an Anti-SLAPP motion to the Second and Third Causes of Action in the Counter-Claim, but that is about all that is accurate. The Anti-SLAPP motion is frivolous. Plaintiff simply cannot meet the first prong, and counsel for Defendants sent Plaintiff a letter to take the motion off calendar. The bottom line is Defendant are willing to dismiss those causes of action solely because Plaintiff is judgment proof and has no money. Defendants need to find ways to limit what is a relatively small case in the expenses relating to same. For that reason, Defendants offered to dismiss the Second and Third Causes of Action and still plans to dismiss those after Defendants win the Anti-SLAPP. Plaintiff refused to take the Anti-SLAPP off calendar and demanded his attorney's fees. Oddly, the Anti-SLAPP statute allows for a defendant to recover his fees when an Anti-SLAPP Motion is made like this.

The part about filing a rule 11 motion is equally not well taken. Defendants already stated that they will be dismissing those causes of action (again so we because the plaintiff is uncollectible and there is no point in increasing costs).

h. **DISPOSITIVE MOTIONS**

**Plaintiff:** Plaintiff has filed an anti-SLAPP motion, set to be heard on September 23, 2022, requesting an order of this Court striking Defendants' counterclaims for Intentional Interference with Contract and Negligent Interference with Economic Relations because such claims seek to punish Plaintiff for conduct protected pursuant to Cal. Code Civ. Proc.§ 425.16. Plaintiff further expects to engage in dispositive motion practice, including motion(s) for summary judgment.

**Defendants:** Defendants deny and dispute Plaintiff's allegations concerning his meritless Anti-SLAPP Motion. Plaintiff's Motion is without merit and should be denied as will explained in Defendant's Opposition.

Defendants intend to file a Rule 56 Motion as Plaintiff has no rights claimed concerning *Bloodsport* at the close of discovery.

i. **MANUAL FOR COMPLEX LITIGATION**

At this time, the parties do not believe all or part of the procedures of the Manual for Complex Litigation should be utilized.

j. **STATUS OF DISCOVERY**

No party has yet propounded any discovery in this case. The parties do not anticipate any discovery disputes at this time.

k. **DISCOVERY PLAN**

**Proposed Discovery Plan**: The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. At this time, the parties do not request that the Court limit discovery into any particular subject matters. Plaintiff intends to seek discovery of facts concerning Defendants' relationship with Ed Pressman and Pressman Film, Defendants' attempts to make a *Bloodsport* remake/sequel, including with Universal Pictures, and Defendants' trademark and copyright

claims, registrations, and applications. Defendants intend to seek discovery of Plaintiff's contentions and discovery from Ed Pressman and Pressman Films, Dux and Plaintiff's interference with the contract with Universal Pictures and interference with Defendants and Counter-Claimants economic relationship with Universal The parties agree that this section is without prejudice to or limitation of any party's ability to take relevant and appropriate discovery as well as any party's ability to oppose any requested discovery, and all parties reserve all rights with respect thereto.

**Issues of Disclosure, Discovery, or Preservation of ESI**: The parties agree to meet and confer to negotiate a protocol for the production of any Electronically Stored Information ("ESI"), to the extent the need for ESI arises.

The parties stipulate to exchange the initial disclosures required by Rule 26(a) on or before October 14, 2022. The disclosures shall contain the information identified in Rule 26(a)(1) and shall be supplemented as required by Rule 26(e)(1). The parties do not seek any changes to the disclosure requirements under Rule 26(a), apart from their timing.

**Proposed Limitations on Discovery**:

**Plaintiff:** Plaintiff proposes no changes to the limitations on discovery imposed under the Federal or Local Rules.

**Defendants:** In terms of discovery limitations, Defendants believe that this should be limited by protective order. The Plaintiff has made less than $200,000 on all the *Bloodsport* movies combined, and there have been four. What Plaintiff would make for a sequel is limited and certainly would never exceed a few hundred thousand dollars. Thus, relatively speaking, this case is very small and there should be a protective order of some kind to keep discovery and discovery disputes reasonable.

Separately, it should be noted that the Plaintiff threatened settlement that

Plaintiff would make the case very expensive. That appears to be the strategy of Plaintiff's counsel who is no stranger to this court. The idea is to make a case very expensive and force a settlement. We would like to discuss a protective order.

### l. FACT DISCOVERY CUT-OFF

Plaintiff proposes that May 12, 2023 be set as the fact discovery cut-off date. Defendants propose June 12, 2023 as the cut-off date.

### m. EXPERT DISCOVERY

Plaintiff proposes that June 16, 2023 be set as the expert discovery cut-off date. Defendants propose July 17, 2023 as the cut-off date.

### n. SETTLEMENT CONFERENCE/ ALTERNATIVE DISPUTE RESOLUTION

The parties have engaged in some settlement discussions but have been unable to reach agreement. Plaintiff proposes ADR Procedure No. 2 (mediation with a neutral selected from the Court Mediation Panel). Defendants believe that it would be more fruitful to go through a private mediator with each party splitting the costs.

### o. TRIAL ESTIMATE

The parties have agreed to trial by jury. The estimated trial length is four days.

### p. TRIAL COUNSEL

Marc Toberoff is trial counsel for Plaintiff. Michael Kernan and Paul Katrinak are joint trial counsel for Defendants. Plaintiff anticipates calling four witnesses. Defendants anticipate calling 10 witnesses.

### q. INDEPENDENT EXPERT OR MASTER

The parties do not request the appointment of an independent expert or master at this time.

**r.   SCHEDULE WORKSHEET**

The parties have provided their respective proposed dates in the Schedule Worksheet submitted herewith.

**s.   CLASS ACTIONS**

This case is not a class action.

**t.   OTHER ISSUES**

There are no other issues the parties wish to raise with the Court at this time.

DATED: September 2, 2022     TOBEROFF & ASSOCIATES, P.C.

By: */s/ Marc Toberoff*
       Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
*mtoberoff@toberoffandassociates.com*

Attorneys for Plaintiff


DATED: September 2, 2022     THE KERNAN LAW FIRM

By: */s/ S. Michael Kernan*
       S. Michael Kernan
THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 459
Beverly Hills, CA 90210
Telephone: (310) 490-9777
*mkernan@kernanlaw.net*
Attorneys for Defendants

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: September 2, 2022     TOBEROFF & ASSOCIATES, P.C.

By: /s/ *Marc Toberoff*
Marc Toberoff

Attorneys for Plaintiff

**DISTRICT JUDGE SUNSHINE S. SYKES**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the Court will set them.

| Case No. 22-cv-02152-SSS-PVC | | Case Name: DiSalle v. Lensi et al. | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
| Check one:  ☒ Jury Trial   or   ☐ Bench Trial<br>[Monday at 9:00 a.m. within 12-15 months of Scheduling Conference based on complexity]<br>Estimated Duration: __4__ Days | | 12/15/2023 | 1/17/24 |
| Final Pretrial Conference ("FPTC" [L.R. 16],<br>[Friday at 1:00 p.m. at least 17 days before trial] | | 11/17/2023 | 12/15/23 |
| **Event** [1]<br>Note: All deadlines shall be on Fridays.<br>Hearings shall be on Fridays at 2:00 p.m. | **Time Computation** [2] | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
| Last Date to Hear Motion to Amend Pleadings or Add Parties | 6 weeks after Scheduling Conference | 10/28/2022 | |
| Fact Discovery Cut-Off<br>(no later than deadline for filing dispositive motion) | 27 weeks before FPTC | 5/12/2023 | 6/12/23 |
| Expert Disclosure (Initial) | 26 weeks before FPTC | 5/19/2023 | 6/19/23 |
| Expert Disclosure (Rebuttal) | 24 weeks before FPTC | 6/2/2023 | 7/3/23 |
| Expert Discovery Cut-Off | 22 weeks before FPTC | 6/16/2023 | 7/17/23 |
| Last Date to Hear Motions<br>• Rule 56 Motion due at least 49 days before hearing; Rule 56 Opposition due at least 35 days before hearing; Rule 56 Reply due at least 28 days before hearing.<br>• Deadlines for all other motions are pursuant to L.R. 6-1, 7-9, 7-10. | 11 weeks before FPTC | 9/1/2023 | 10/2/23 |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>Select one:  ☐ 1. Magistrate Judge (with Court approval)<br>                    ☐ 2. Court Mediation Panel<br>                    ☐ 3. Private Mediation | 8 weeks before FPTC | 9/22/2023 | 10/23/23 |
| Deadline to File Motions in Limine | 6 weeks before FPTC | 10/6/2023 | 11/6/23 |
| Deadline for Oppositions to Motions in Limine | 4 weeks before FPTC | 10/20/2023 | 11/20/23 |
| Trial Filings (first round)<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 10/20/2023 | 11/20/23 |
| Trial Filings (second round)<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 11/3/2023 | 12/4/23 |
| Hearing on Motions in Limine | 2 weeks before FPTC | 11/3/2023 | 12/4/23 |

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.
[2] The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions, patent, and ERISA cases may need to vary from the above.

Rev. 7/1/22