# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DISALLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO LENSI, an individual;<br>TRANS-AMERICAN FILMS<br>INTERNATIONAL CORPORATION,<br>a Delaware corporation, and<br>DOES 1–10,<br><br>Defendant. | Case No. 2:22-cv-02152-SSS-PVCx<br><br>**ORDER DENYING PLAINTIFF'S SPECIAL MOTION TO STRIKE DEFENDANTS' COUNTERCLAIMS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 [DKTS. 26, 32]** |

Before the Court is Plaintiff's Special Motion to Strike Defendants' Counterclaims Pursuant to California Code of Civil Procedure § 425.16 (the "Anti-SLAPP" statute). For the reasons stated below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

This is a contract dispute regarding the motion picture "remake" rights of film *Bloodsport*. Plaintiff filed this case against Defendants Alberto Lensi and Trans-American Films International Corporation ("Defendants") seeking, inter alia, declaratory relief regarding ownership of the *Bloodsport* remake rights. [Dkt. 1].

Defendants filed counterclaims against Plaintiff for declaratory relief regarding the "remake" rights, intentional interference with contract, and negligent interference with economic relations. [Dkt. 13 ¶¶ 6–22]. In essence, Defendants allege they had a valid contract with Universal studios to produce a sequel to *Bloodsport* and Plaintiff harmed that relationship "by claiming he had rights in *Bloodsport* that he had previously relinquished." [*Id.* ¶¶ 11–22].

Plaintiff moved to strike Defendants' counterclaims under California's Anti-SLAPP statute.

## II. LEGAL STANDARD

The California legislature enacted the anti-SLAPP statute to protect against "'lawsuits brought primarily to chill' the exercise of speech and petition rights, . . . 'declar[ing] that it is in the public interest to encourage continued participation in matters of public significance'" *FilmOn.com Inc. v. DoubleVerify Inc.*, 7 Cal. 5th 133, 143 (2019).

The anti-SLAPP statute permits a party to "strike meritless claims early in litigation—but only if the claims arise from acts in furtherance of a person's 'right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue.'" *Id.* at 139 (citing

Cal. Civ. Proc. Code § 425.16(b)). Relevant to this case, the anti-SLAPP statute protects "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." *Id.* (citing § 425.16(e)(4)). The provisions of the anti-SLAPP statute must be construed broadly. Cal. Civ. Proc. Code § 425.16(a).

"In ruling on a special motion to strike under section 425.16, the trial court engages in a two-step process. 'First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success.'" *Musero v. Creative Artists Agency, LLC*, 72 Cal. App. 5th 802, 814 (2021).

In evaluating whether an activity is protected by the anti-SLAPP statute, a court must consider both the context and content of 1) the activity giving rise to the claim and determine whether it 2) furthers the exercise of constitutional speech rights 3) in connection with a matter of public interest. *Id.* at 149; *Tamkin v. CBS Broad., Inc.*, 193 Cal. App. 4th 133, 143 (2011).

### III. DISCUSSION

#### A. Activity Giving Rise to Defendants' Counterclaims

The Court independently determines what acts form the basis of the claim. *Tamkin*, 193 Cal. App. 4th at 143. "[A] claim arises from protected activity when that activity underlies or forms the basis for the claim." *Musero*, 72 Cal. App. 5th at 815 (citing *Park v. Bd. of Trustees of California State Univ.*, 2 Cal. 5th 1057, 1062–63 (2017)).

Here, the activity from which Defendants' counterclaims arise is Plaintiff's alleged interference with Defendants' contract with Universal, namely his assertion of rights to remake the film *Bloodsport*. [*See* Dkt. 13 ¶¶ 6–22].

### B. Free Speech

Plaintiff's actions further the exercise of constitutional speech rights. The development and creation of movies involves free speech. *See Tamkin*, 193 Cal. App. 4th at 143 ("The creation of a television show is an exercise of free speech.") (citing *Winter v. DC Comics*, 30 Cal. 4th 881, 891–92); *Brodeur v. Atlas Ent., Inc.*, 248 Cal. App. 4th 665, 674 (2016) ("[I]t is beyond dispute that movies involve free speech.") (quoting *Dyer v. Childress*, 147 Cal. App. 4th 1273, 1280 (2007)). The anti-SLAPP statute protects not only the film itself, but also activities "in furtherance" of its creation, including conduct preliminary to a completed exercise of free speech, Cal. Civ. Proc. Code § 425.16 ("A cause of action against a person arising from any act of that person **in furtherance** of the person's right of petition or free speech . . .") (emphasis added); *Ojjeh v. Brown*, 43 Cal. App. 5th 1027, 1042 (2019) ("[T]he 'in furtherance' requirement of section 425.16, subdivision (e)(4), may be satisfied by conduct preliminary to a completed exercise of the right of free speech."), such as creating, casting, and broadcasting an episode of a television show, *see Tamkin*, 193 Cal. App. 4th at 143, and soliciting investment funding for financing the production of a film, *see Ojjeh*, 43 Cal. App. 5th at 1040.

Plaintiff's assertion of rights to produce *Bloodsport* is in furtherance of the ability to legally create that movie and is thus in furtherance of the right to free speech. *Tamkin*, 193 Cal. App. 4th at 143; *Ojjeh*, 43 Cal. App. 5th at 1040.

Defendants provide no argument or legal support to contradict that Plaintiff's assertion of rights is in furtherance of free speech. Instead, Defendants' argument focuses on whether Plaintiff's conduct was in connection with a matter of public interest.

### C. Public Interest

Plaintiff's assertion of remake rights in furtherance of the production of a *Bloodsport* remake was not in connection with a matter of public interest, even

-4-

| | |
|---|---|
| 1 | when the public interest is construed broadly.  The Court must look at the |
| 2 | context and content of the specific, allegedly wrongful statements at issue and |
| 3 | determine whether the degree of connection between those statements and the |
| 4 | purported topic of public interest is sufficient to warrant protection under the |
| 5 | anti-SLAPP statute.  *See Musero*, 72 Cal. App. 5th at 821.  "[I]t is not enough |
| 6 | that the statement refer to a subject of widespread public interest; the statement |
| 7 | must in some manner itself contribute to the public debate."  *FilmOn*, 7 Cal. 5th |
| 8 | at 150–51 (quoting *Wilbanks v. Wolk*, 121 Cal. App. 4th 883, 898 (2004)).  The |
| 9 | focus must be on "the specific nature of the speech" and not any "generalities |
| 10 | that might be abstracted from it."  *Id.* (citation omitted). |
| 11 | Plaintiff argues that his assertion of rights over *Bloodsport* is "easily" |
| 12 | connected to a matter of public interest "because the creation of popular |
| 13 | entertainment, let alone that based on an iconic film like *Bloodsport* is itself a |
| 14 | matter of public interest." [Dkt. 32-1 at 19].  Plaintiff further adds that "[t]he |
| 15 | popularity and following of the original *Bloodsport* film underscore that it is a |
| 16 | matter of public interest," claiming *Bloodsport* popularized mixed-style martial |
| 17 | arts competitions among mainstream audiences.  [*Id.* at 20]. |
| 18 | However, the purported popularity of the original *Bloodsport*, without |
| 19 | more, is insufficient to satisfy the required connection to a matter of public |
| 20 | interest; the statement, in this case, the potential remake of the film, "must in |
| 21 | some manner itself contribute to the public debate."  *FilmOn*, 7 Cal. 5th at 150– |
| 22 | 51. |
| 23 | Plaintiff also claims that President Donald Trump has demonstrated |
| 24 | interest in the original film [Dkt. 32-1 at 20] and that the President of the |
| 25 | Ultimate Fighting Championship organization has demonstrated an interest in |
| 26 | the remake of the film [Dkt. 43 at 6]. |
| 27 | However, a public figure's status does not, on its own, transform a |
| 28 | statement into a matter of public interest.  Moreover, that certain individuals are |

purported fans of *Bloodsport* is insufficient to connect the potential remake of the movie to a matter of public interest. *See Bernstein v. LaBeouf*, 43 Cal. App. 5th 15, 23 (2019) ("The defendant's celebrity status, on its own, is not sufficient to render anything the defendant says or does subject to anti-SLAPP protection."). Indeed, "**it is the subject of the defendant's speech or conduct** that determines whether an issue of public interest has been implicated for purposes of anti-SLAPP protection." *Id.* (citing *FilmOn*, 7 Cal. 5th at 145–46) (emphasis added).

Plaintiff has failed to identify a matter of public concern connected to, much less the contribution made to it by, the potential remake of *Bloodsport*. Rather, there is only a "fleeting or tangential" connection between *Bloodsport* and the public interest advanced by Plaintiff, which is insufficient to warrant anti-SLAPP protection. *See Musero*, 72 Cal. App. 5th at 822. Moreover, the cases cited by Plaintiff all predate the California Supreme Court's ruling in *FilmOn* and fail to address its requirement that the purported free speech "contribute to the public debate," *FilmOn*, 7 Cal. 5th at 150–51, a requirement which Plaintiff has not satisfied. Plaintiff's motion to strike is thus **DENIED**.

Because Plaintiff has not satisfied his burden to demonstrate that his activity was in furtherance of the exercise of constitutional speech rights in connection with a matter of public interest, the Court need not analyze Defendants' probability of success.

### D. Litigation-Related Activity

As a separate theory to strike under the anti-SLAPP statute, Plaintiff asserts that his assertion of rights was a litigation-related activity entitled to protection. [Dkt. 32-1 at 18]. Litigation activity protected by the anti-SLAPP statute "includes communicative conduct such as the filing, funding, and prosecution of a civil action, . . . [and] qualifying acts committed by attorneys in

-6-

representing clients in litigation." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006).

Here, Defendants' counterclaims arise from Plaintiff's alleged interference with Defendants' relationship with Universal Studios. [Dkt. 13 ¶¶ 6–22]. Such alleged interference is not a litigation-related activity, such as the basic act of filing litigation, "encompassed" by the right of petition. *Cf. Navellier v. Sletten*, 29 Cal. 4th 82, 90 (2002).

Plaintiff's reliance on *Kashian v. Harriman*, 98 Cal. App. 4th 892, 908 (2002) is misplaced. In *Kashian*, the litigation-related activities the court noted were protected by the anti-SLAPP statute included including others to file objections to building projects, investigations in anticipation of filing a complaint with the Attorney General, statements exhorting others to contribute to the cost of proposed litigation, and statements made in connection with a separate lawsuit. *See id.* at 908–09. All the activities in discussed *Kashian* were related to existing litigation or in anticipation or for the purpose of preparing for litigation. *Id.* In contrast, Plaintiff's activities of allegedly interfering with Defendants' business relationships by asserting his purported remake rights were not related to any existing litigation nor in anticipation of litigation. It cannot be the case that by filing the instant lawsuit, Plaintiff is able to create a litigation to which his allegedly illegal activities can relate. Otherwise, all speech would be protected by merely filing a lawsuit after the fact.

### E.    Legal Fees and Costs

Each Party has requested an award of legal fees and costs under California Code of Civil Procedure § 425.16(c). Because Plaintiff did not prevail in his anti-SLAPP motion, the Court **DENIES** Plaintiff's request for attorney's fees and costs. *See* Cal. Code. Civ. P. § 425.16(c). Similarly, because the Court finds Plaintiff's motion was not frivolous or solely intended

to cause unnecessary delay, the Court also **DENIES** Defendants' request for attorney's fees. *See id.*

### F. Procedural Arguments

While the Court need not delve into the various procedural arguments raised by Defendants in their opposition brief because none affect the disposition of the instant motion and because Defendants prevailed on other grounds, the Court addresses each briefly.

Defendants argue the motion is untimely. But the motion is timely under Cal. Code Civ. P. § 425.16(f), which permits an anti-SLAPP motion to be filed "in the court's discretion, at any later time upon terms it deems proper." In this case, Plaintiff initially filed his motion before the statutory 60-day deadline, but the Court instructed Plaintiff to correct a technical deficiency in his original filing, which justifies a later filing of the instant motion. [Dkt. 29].

Defendants argue Plaintiff failed to meet and confer before filing the motion, thereby violating Local Rule 7-3. The parties dispute both the extent to which a meet and confer occurred and who is fault for any failure. Regardless, a violation of Local Rule 7-3 merely permits the Court to decline to consider a motion. Given the already litigious nature of the previous meet and confer efforts, the Court instead considered the motion as briefed and chose to not waste the Court's and the Parties' time, effort, and resources.

Defendants argue Plaintiff limited his motion to the public interest prong of the anti-SLAPP statute. This argument is incorrect because Plaintiff sufficiently cited the bases for his motion and did not limit his argument to section § 425.16(e)(4). Moreover, this argument is moot given Defendant prevailed. Likewise, Defendants' argument that there is no admissible evidence supporting Plaintiff's motion is also moot given Defendants' success in the instant motion.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to strike is **DENIED**. Plaintiff's request for legal fees and costs is **DENIED**. Defendants' request for legal fees and costs is **DENIED**. Plaintiff's Answer to Defendants' Counterclaims shall be filed by **October 26, 2022**.

**IT IS SO ORDERED.**

Dated: October 12, 2022

_____
SUNSHINE S. SYKES
United States District Judge