UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-02152-SSS-PVCx | Date | March 9, 2023 |
| Title | *Mark DiSalle v. Alberto Lensi, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
| None Present | None Present |

**Proceedings:  ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DKT. 55] (IN CHAMBERS)**

Before the Court is Plaintiff's motion for reconsideration of the Court's order re Plaintiff's special motion to strike Defendants' counterclaims [Dkt. 39]. [Dkt. 55].  For the reasons below, Plaintiff's motion is **DENIED**.

Local Rule 7-18 permits motions for reconsideration on the grounds of, inter alia, "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."  Here, Plaintiff argues the Court failed to consider the significance of a July 22, 2021 letter Plaintiff sent to Defendants prior to the filing of the lawsuit, which Plaintiff argues constitutes litigation-related activity protected by the Anti-SLAPP statute.  According to Plaintiff, this letter is the sole basis for Defendants' Second Counterclaim for Plaintiff's alleged interference with Defendants' contract with Universal Studios.

Plaintiff misunderstands Defendants' Second Counterclaim, which is not predicated on Plaintiff's July 22, 2021 letter to Defendants.  Rather, Defendants' Second Counterclaim alleges Plaintiff "intentionally disrupted the contractual relationship with [U]niversal by claiming that he had rights in *Bloodsport* that he had previously relinquished." [Dkt. 13 ¶ 14].  Plaintiff interprets this allegation as

referring to the July 22 letter, but that is not the only way to interpret this allegation.  Indeed, as Defendants noted in their opposition to Plaintiff's motion to strike, Plaintiff's alleged interference refers not to a letter between Plaintiff and Defendant, but to Plaintiff's "private communications with Universal."  [Dkt. 39 at 21].  Thus, while a pre-litigation letter from Plaintiff to Defendants may be protected activity, alleged private communications with a third party falsely asserting rights and interfering with contracts is not.

According to Plaintiff, "the *only* claim made by Plaintiff regarding his rights in *Bloodsport* was that made in Plaintiff's counsel's July 22, 2021 Letter."  [Dkt. 62 at 9 (emphasis in original)].  Plaintiff then attempts to shift the burden to Defendants to show evidence demonstrating otherwise.  But such factual disputes and demand for evidence are inappropriate at the pleading stage.  To the extent Plaintiff demands Defendants bolster their allegations with evidence, that task is better left for discovery.  Alternatively, if Plaintiff seeks to challenge the sufficiency of Defendants' allegations, then a motion to dismiss is the appropriate course of action.

Each Party requests an award of fees pursuant to California Code of Civil Procedure § 425.16.  Because Plaintiff did not prevail in its motion for reconsideration of its anti-SLAPP motion, its request for attorneys' fees and costs pursuant to C.C.P § 425.16(c) is **DENIED**.  Similarly, because the Court finds Plaintiff's motion was not frivolous or solely intended to cause unnecessary delay, the Court also **DENIES** Defendants' request for attorneys' fees.  *Id.*

For the foregoing reasons, Plaintiff's motion for reconsideration is **DENIED**.  Both Parties' requests for attorneys' fees are also **DENIED**.[1]

**IT IS SO ORDERED.**

---

[1] Defendants filed evidentiary objections, none of which are dispositive of Plaintiff's motion.  [Dkt. 60].  Thus, the Court declines to rule on Defendants' objections.