Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DISALLE, an individual, | Case No. 22-cv-02152-SSS-PVCx |
| Plaintiff, | **PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF S. MICHAEL KERNAN AND TO DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** |
| v. | |
| ALBERTO LENSI, an individual; TRANS-AMERICAN FILMS INTERNATIONAL CORPORATION, a Delaware corporation, and DOES 1-10, | Hearing Date: December 15, 2023 Time: 2:00 pm Judge: Hon. Sunshine S. Sykes |
| Defendants. | Oral Argument Requested |

PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF S. MICHAEL KERNAN AND TO
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Plaintiff Marc DiSalle ("Plaintiff' or "DiSalle") respectfully submits the following Evidentiary Objections to the Declaration of S. Michael Kernan and evidence offered in support of Defendants Alberto Lensi and Trans-American Films International Corporation ("TFI") (collectively, "Defendants") Opposition to Plaintiff's Motion for Summary Judgment.

## I.    OBJECTIONS TO DECLARATION OF S. MICHAEL KERNAN

Defendants' Opposition brief to Plaintiff's Motion for Summary Judgment ("Opposition") (Dkt. 79) contains **10,766 words**, exceeding the 10,000 word-limit set by this Court in its Order dated October 25, 2023. (Dkt. 76).  *See* Second Declaration of Marc Toberoff ("Toberoff Decl. II") ¶¶ 2-4, filed concurrently herewith. The Declaration of S. Michael Kernan (the "Kernan Declaration") (Dkt. 76-1), submitted in support of Defendants' Opposition is filled with improper brief-like headings, arguments, legal conclusions and characterizations of the facts and evidence. The Kernan Declaration contains **6,292 words** in blatant circumvention of this Court's October 25, 2023 Order. Toberoff Decl. II, ¶¶ 5-8. Together with Defendants' Opposition, which is itself flouts the Order (at 10,740 words), the two briefs constitute a combined 17,032 words. *Id*., ¶ 8.

The Kernan Declaration also fails to meet the requirements of Fed. R. Civ. P.  56(c) since it was not made on personal knowledge, and does not set out facts that would be admissible in evidence.

Defendants' Opposition does not contain a customary statement or summary of the facts. Instead, it incorporates the totality of the Kernan Declaration for that purpose. *See* Dkt. 76 at 4 ("II. UNDISPUTED FACTS [¶] See Kernan Declaration and Separate Statement of Undisputed Facts.").

Such attempts at "incorporation of substantive material by reference" in a party's moving papers are prohibited. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339,

PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF S. MICHAEL KERNAN AND TO DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

345 (9th Cir. 1996) (holding not an abuse of discretion to strike "incorporations" of substantive material in violation of page limitations).[1] "Declarations, which are supposed to 'set forth facts as would be admissible in evidence,' should not be used to make an end-run around [word or] page limitations [] by including legal arguments outside of the briefs." *King County v. Rasmussen*, 299 F. 3d 1077, 1082 (9th Cir. 2002) (citing Fed. R. Civ. P.  56(e)).

Defendants' improper Kernan Declaration is undoubtedly substantive in that it contains brief-like headings as well as improper legal argument and opinion and argumentative and improper characterizations of the facts and record evidence. *See e.g.,* Dkt. 79-1 at 1-6 (making improper legal arguments regarding the meaning and effect of contractual language); *Id.* at 14 (Header reading "Defendants have suffered severe prejudice due to Plaintiff's delay in filing suit").

This shifting of substantive briefing material that should have been confined to Defendant's Opposition brief is an improper attempt to evade and circumvent this Court's Order. As such, it should be struck and disregarded. *See e.g., Lee v. Delta Air Lines Inc.*, No. CV 20-8754 CBM (JEMx), 2021 WL 4497209, at *3 (C.D. Cal. Aug. 23, 2021) (striking improper substantive "Supplement" to party's motion); *Ferguson v. Waid*, No. CV 17-1685, 2018 WL 2183993, at *2 (W.D. Wash. May 11, 2018) (striking declaration in which party "improperly attempts to circumvent the 24-page limit for a summary judgment

---

[1] *See also Taraska v. Swedelson*, No. CV 22-2206, 2022 WL 17219091, at *2 (C.D. Cal. Jan. 21, 2022) ("The Court declines to consider the arguments presented in the [separate] filing because doing so would circumvent the rule restricting the length of memoranda of points and authorities to 25 pages. C.D. Cal. R. 11-6."); *Brown v. DIRECTV, LLC*, No. CV 13-1170, 2019 WL 6604879, at *4 n.6, 10 n.16 (C.D. Cal. Aug. 5, 2019) (refusing to consider material incorporated by reference into opposition to motion).

PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF S. MICHAEL KERNAN AND TO DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

motion; improperly includes arguments; improperly testifies to facts on which she has no personal knowledge; and improperly testifies to third-parties' hearsay").

Significantly, Defendants failed to seek leave to file an oversized brief as this Court's standing order requires. Standing Order of Hon. Sunshine S. Sykes § VII.D (July 26, 2023); *see Raiser v. City of Temecula*, No. CV 17-217 RGK (RAOx), 2019 WL 13063419, at \*2 (C.D. Cal. Jan. 23, 2019) ("Plaintiff has not sought leave of Court to file a brief in excess of this page limitation, nor has the Court granted such a request. Accordingly, the Court has considered the first 25 pages of Plaintiff's Motion.")

The Declaration should likewise be disregarded because it does not meet the requirements outlined in Fed. R. Civ. P.  56(c)(4) and (e). As recently explained in a decision from a Court in this district:

> Federal Rule of Civil Procedure 56(e) requires that affidavits 'be made on personal knowledge,' 'set forth such facts as would be admissible in evidence," and "show affirmatively that the affiant is competent to testify to the matter stated therein.'" (Fed. R. Civ. P. 56(c)(4). Therefore, '[d]eclarations by attorneys are sufficient only if the facts stated are matters of which the attorney has knowledge, such as matters occurring during the course of the lawsuit ....' *Clark v. Cnty. of Tulare*, 755 F. Supp. 2d 1075, 1084 (E.D. Cal. 2010).

*Aguilera v. Unocal Corp.*, No. CV 22-1394, 2023 WL 6369701, at \*5 (C.D. Cal. Aug. 14, 2023).[2] The court in *Aguilera*, found that a declaration by counsel

---

[2] C.D. Cal. Local Rule 7-7 ("Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4)."); Fed. R. Civ. P. 56 Advisory Committee's notes to 2010 amendment ("The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike."); *LaKamp v. Runft*, No. CV 20-544, 2023 WL 2333397, at \*26 n.15 (D. Idaho Mar. 1, 2023).

- 4 -

"attest[ed] to factual matters outside the course of litigation and d[id] not adequately establish [the attorney]'s, in his role as Plaintiffs' counsel, personal knowledge of those matters." *Id.* On these grounds, it struck the attorney declaration "pursuant to Federal Rule of Civil Procedure 56(c)(4) or as an improper legal conclusion." *Id.* It also sustained an objection and struck portions of the declaration "as improper attorney argument and opinion." *Id.* (citing *DNA Genotek Inc. v. Spectrum Solutions LLC*, __ F. Supp. 3d __, 2023 WL 3445207, at *18 (S.D. Cal. May 2, 2023) ("Attorney argument is not evidence") (quoting *Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (Fed. Cir. 2017)); *see also Talavera v. Glob. Payments, Inc.*, __ F.Supp.3d __, 2023 WL 3080701, at *5 (S.D. Cal. Apr. 25, 2023) ("The attorney argument within Exhibit E cannot be reduced to an admissible non-hearsay form at trial").

Here, the declarant, counsel for Defendants, makes improper legal argument and does not have personal knowledge of most of the matters he writes about. *See e.g.*, Declaration, Dkt. 79-1 at 1 (counsel asserts without personal knowledge that "In conjunction with the execution of the Dux Agreement, Plaintiff also hired Sheldon Lettich to write a script for Bloodsport I as a work-for-hire.").

Further still, Defendants "improperly cite[] to this [Kernan D]eclaration [and the Declaration of Teresa Lee] (and [the] exhibits [attached thereto]) as a whole rather than pointing to specific pages." *Ferguson*, 2018 WL 2183993, at *2. "The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Id.*

This Court has recognized that although "fully complying with the federal, state, and local rules of civil procedure can be complex," providing "second chances" to a party that "has flouted" the rules can be "prejudicial to"

PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF S. MICHAEL KERNAN AND TO DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

and "burden[]" the other side. *Kirkpatrick v. Hubman*, No. CV 22-10161 SSS (SKx), 2022 WL 17370521, at *2 (C.D. Cal. Oct. 18, 2022) (Skyes, J.) (striking filing "[i]n light of the deficiencies identified by [opposing counsel.]" *Id.*)

"Under Local Rule 83-7, the Court may impose a sanction for violating a local rule that is appropriate under the circumstances. This can include striking the whole opposition." *Haddock v. Countrywide Bank, NA*, No. CV 14-6452, 2015 WL 9257316 (C.D. Cal. Oct. 27, 2015) (citations omitted); *see also Laub v. Horbaczewski*, 2020 WL 7230967, at *2 (C.D. Cal. Oct. 16, 2020).

In *Haddock*, 2015 WL 9257316, at *7, the court noted that the litigant "did not simply fail to comply with Local Rule 11-6's page limitations, he blew it out of the water; the Opposition was more than double the proper size." So too here, where the combined word count of Defendants' Opposition and improper brief-like Kernan Declaration is **17,032**. Toberoff Declaration II, ¶¶ 2-8. This is more than 7,000 words over the already generous increase to 10,000 words in the Court's Order. (Dkt. 76).

Therefore, the Kernan Declaration should be stricken and not considered by this Court in ruling on Plaintiff's Motion for Summary Judgment. *See e.g., Evans v. Cnty. of Los Angeles*, 529 F. Supp. 3d 1082, 1086 n.2 (C.D. Cal. 2021) (striking seven excess pages of substantive argument), *aff'd*, No. 21-55406, 2022 WL 3359171 (9th Cir. Aug. 15, 2022); *Moffatt v. State of Arizona*, No. LA CV 17-06029-VBF, 2018 WL 11470430 (C.D. Cal. Oct. 17, 2018).

## II.    FURTHER OBJECTIONS

### A.    DECLARATION OF ALBERTO LENSI

| Material Objected To: | Grounds for Objection: |
|---|---|
| 1.    Declaration of Alberto Lensi (Lensi Decl.) ¶ 3. | Contradictory Testimony. Irrelevant (Fed. R. Evid. 401). |

PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF S. MICHAEL KERNAN AND TO DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| Material Objected To: | Grounds for Objection: |
|---|---|
| 2.    Lensi Decl. ¶ 4. | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702)<br><br>Contradictory Testimony. See Toberoff Decl., Ex. 34, Lensi Dep., Dkt. 78-38, 110:19-112:16, 137:2-138:25. |
| 3.    Lensi Decl. ¶ 5. | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702).<br><br>Contradictory Testimony. See Toberoff Decl., Ex. 34, Lensi Dep., Dkt. 78-38, 110:19-112:16, 137:2-138:25. |
| 4.    Lensi Decl. ¶ 6. | Irrelevant (Fed. R. Evid. 401).<br><br>Lacks Foundation (Fed. R. Evid. 602). |
| 5.    Lensi Decl. ¶ 7. | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702)<br><br>Inadmissible Legal Conclusion.<br><br>Irrelevant (Fed. R. Evid. 401). |
| 6.    Lensi Decl. ¶ 8. | Irrelevant (Fed. R. Evid. 401). |
| 7.    Lensi Decl. ¶ 9. | Inadmissible Legal Conclusion. |

## B.    DECLARATION OF TERESA LEE

| Material Objected To: | Grounds for Objection: |
|---|---|
| 8.    Declaration of Teresa Lee (Lee Decl.) ¶ 3. | Contradictory Testimony. See Toberoff Decl., Ex. 34, Lensi Dep., Dkt. 78-38, 23:11-26:7 (Lensi testifying that he was neither he nor TFI were represented by Pryor Cashman)<br><br>Irrelevant (Fed. R. Evid. 401). |
| 9.    Lee Decl. ¶ 4. | Hearsay (Fed. R. Evid. 802).<br><br>Irrelevant (Fed. R. Evid. 401). |

- 7 -

PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF S. MICHAEL KERNAN AND TO DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| Material Objected To: | Grounds for Objection: |
|---|---|
| 10.    Lee Decl. ¶ 7. | Irrelevant (Fed. R. Evid. 401). |
| 11.    Lee Decl. ¶ 8. | Improper and Undisclosed Expert Opinion. Inadmissible Legal Conclusion. Irrelevant (Fed. R. Evid. 401). Mischaracterization of Record. |
| 12.    Lee Decl. ¶ 9. | Improper and Undisclosed Expert Opinion. Inadmissible Legal Conclusion. Irrelevant (Fed. R. Evid. 401). |
| 13.    Lee Decl. ¶ 20. | Improper and Undisclosed Expert Opinion Irrelevant (Fed. R. Evid. 401). |
| 14.    Lee Decl. ¶ 27. | Inadmissible Legal Conclusion. Lacks Foundation (Fed. R. Evid. 602). Best Evidence Rule (Fed. R. Evid. 1002). |
| 15.    Lee Decl. ¶ 28. | Improper and Undisclosed Expert Opinion. Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702) |

## C.    DECLARATION OF R. PAUL KATRINAK

| Material Objected To: | Grounds for Objection: |
|---|---|
| 16.    Declaration of R. Paul Katrinak (Katrinak Decl.) ¶ 2. | Hearsay (Fed. R. Evid. 802). Irrelevant (Fed. R. Evid. 401). Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702) Lacks Foundation (Fed. R. Evid. 602) Speculation (Fed. R. Evid. 701). |
| 17.    Katrinak Decl., Ex. A | Hearsay (Fed. R. Evid. 802). |

PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF S. MICHAEL KERNAN AND TO DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| Material Objected To: | Grounds for Objection: |
|---|---|
|  | Irrelevant (Fed. R. Evid. 401). |

### D.  DEFENDANTS' ALLEGED UNCONTROVERTED FACTS ("SUF")

| Material Objected To: | Grounds for Objection |
|---|---|
| 18.   SUF 1 | Mischaracterization of Record. Irrelevant (Fed. R. Evid. 401). |
| 19.   SUF 3 | Irrelevant (Fed. R. Evid. 401). |
| 20.   SUF 4 | Mischaracterization of Record. |
| 21.   SUF 5 | Irrelevant (Fed. R. Evid. 401). |
| 22.   SUF 6 | Mischaracterization of Record. |
| 23.   SUF 7 | Irrelevant (Fed. R. Evid. 401, 403). |
| 24.   SUF 8 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702). Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). |
| 25.   SUF 19 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702). Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). Lacks Foundation (Fed. R. Evid. 602). Speculation (Fed. R. Evid. 701). |
| 26.   SUF 20 | Mischaracterization of Record. |
| 27.   SUF 22 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702). |

PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF S. MICHAEL KERNAN AND TO DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| Material Objected To: | Grounds for Objection |
|---|---|
|  | Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402).<br><br>Lacks Foundation (Fed. R. Evid. 602).<br><br>Speculation (Fed. R. Evid. 701). |
| 28.    SUF 23 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702).<br><br>Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402).<br><br>Mischaracterization of Record. |
| 29.    SUF 24 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702).<br><br>Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402).<br><br>Lacks Foundation (Fed. R. Evid. 602).<br><br>Speculation (Fed. R. Evid. 701). |
| 30.    SUF 26 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702).<br><br>Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402).<br><br>Mischaracterization of Record. |
| 31.    SUF 27 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702).<br><br>Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402).<br><br>Mischaracterization of Record. |
| 32.    SUF 28 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702).<br><br>Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). |

- 10 -

PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF S. MICHAEL KERNAN AND TO DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| Material Objected To: | Grounds for Objection |
|---|---|
| | Mischaracterization of Record |
| 33.    SUF 29 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702). Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). Mischaracterization of Record. |
| 34.    SUF 29 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702). Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). Mischaracterization of Record |
| 35.    SUF 31 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702). Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). Mischaracterization of Record |
| 36.    SUF 32 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702). Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). Mischaracterization of Record |
| 37.    SUF 36 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702). Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). Mischaracterization of Record. |
| 38.    SUF 37 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702). |

PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF S. MICHAEL KERNAN AND TO DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| Material Objected To: | Grounds for Objection |
|---|---|
| | Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). Mischaracterization of Record. |
| 40.　SUF 38 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702). Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). Mischaracterization of Record. |
| 41.　SUF 39 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702). Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). Mischaracterization of Record. |
| 42.　SUF 40 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702). Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). Mischaracterization of Record. |
| 43.　SUF 41 | Lacks Foundation (Fed. R. Evid. 602). Speculation (Fed. R. Evid. 701). |
| 44.　SUF 43 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702). Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). Mischaracterization of Record. |
| 45.　SUF 44 | Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). Mischaracterization of Record. |

- 12 -

PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF S. MICHAEL KERNAN AND TO
DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| Material Objected To: | Grounds for Objection |
|---|---|
| 46.   SUF 45 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702).<br><br>Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). |
| 47.   SUF 46 | Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402). |
| 48.   SUF 47 | Hearsay (Fed. R. Evid. 802).<br><br>Irrelevant (Fed. R. Evid. 401). |
| 49.   SUF 53 | Mischaracterization of Record.<br><br>Hearsay (Fed. R. Evid. 802).<br><br>Irrelevant (Fed. R. Evid. 401). |
| 50.   SUF 54 | Irrelevant (Fed. R. Evid. 401). |
| 51.   SUF 55 | Mischaracterization of Record. |
| 52.   SUF 56 | Irrelevant (Fed. R. Evid. 401). |
| 53.   SUF 57 | Argument and Improper Opinion Evidence (Fed. R. Evid. 701, 702).<br><br>Inadmissible Legal Conclusion; Not a Fact. (Fed. R. Evid. 401, 402).<br><br>Mischaracterization of Record. |

DATED:  November 17, 2023    TOBEROFF & ASSOCIATES, P.C.


By:  */s/ Marc Toberoff*

Marc Toberoff

Attorneys for Plaintiff

- 13 -