UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-02152-SSS-PVCx | Date | July 29, 2024 |
| Title | Mark DiSalle v. Alberto Lensi, et al. | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [Dkt. 100]**

Before the Court is Defendants' Alberto Lensi and Trans-American Films International's ("Defendants") motion for reconsideration (the "Motion") of the Court's order denying the Parties' motions for summary judgment. [Dkt. 100]. This Motion is fully briefed and ripe for review. For the following reasons, Defendants' Motion is **DENIED**.

"'Motions for reconsideration are disfavored and rarely granted.'" *Asbery v. Money Store*, No. 2:18-CV-01291-ODW (PLAx), 2018 WL 6834309, at *2 (C.D. Cal. Dec. 27, 2018) (quoting *Collins v. Fua*, No. CV 17-00606-VAP (PLAx), 2017 WL 8161087, at *1 (C.D. Cal. July 11, 2017)). "Federal Rule of Civil Procedure 60(b) provides that 'the court may relieve a party … from a final judgment, order, or proceeding for …' any of the reasons stated therein." *Golden v. O'Melveny & Meyers, LLP*, No. 14-cv-8725, CAS (AGRx), 2016 WL 4168853, at *5 (C.D. Cal. Aug. 3, 2015). Thus, Rule 60(b) applies only to final judgments and appealable interlocutory orders. *Id.* (collecting cases); *see also United States v. Martin*, 226 F.3d 1042, 1047 n.8 (9th Cir. 2000). A final order is one that ends the litigation on its merits and leaves nothing to do but to execute the judgment. *Ballard v. Baldridge*, 209 F.3d 1160, 1160–61 (9th Cir. 2000).

In this district, Local Rule 7-18 also governs motions for reconsiderations. *See Khan v. Seton*, No. 21-cv-03020-VAP-MAAx, 2022 WL 2235845, at *2 n.1 (C.D. Cal. Mar. 4, 2022); *see also Gish v. Newsom*, No. 20-cv-755 JGB (KKx), 2020 WL 6054912, at *2 (C.D. Cal. Oct. 9, 2020).

Motions for reconsideration pursuant to Local Rule 7-18 must show:

(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or
(b) the emergence of new material facts or a change of law occurring after the Order was entered, or
(c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

Further, Local Rule 7-18 requires any motion for reconsideration, absent a showing of good cause, be made within 14 days of the docketing of the order that is the subject of the motion.

Here, Defendants ask this Court to reconsider its order denying the Parties' motions for summary judgment under only Local Rule 7-18. [Dkt. 100-1 at 9]. Accordingly, the Court will consider the Motion only under Local Rule 7-18. For the reasons stated below, the Court **DENIES** Defendants' Motion.

### A. Timeliness

Defendants' Motion is timely. The Court entered the order denying the Parties' motions for summary judgment on May 7, 2024. [Dkt. 99]. Defendants filed their Motion on May 21, 2024, which is within the 14-day time constraint laid out in Local Rule 7-18. As such, the Motion is timely.

### B. The Merits of Defendants' Motion

Having found the Motion timely, the Court now addresses the merits of the Motion. Defendants argue reconsideration is proper under Local Rule 7-18(c). [Dkt. 100-1 at 14 (quoting without proper citation Local Rule 7-18(c))]. As discussed below, Defendants' argument fails.

Local Rule 7-18(c) allows a motion for reconsideration to be made on a manifest showing of a failure to consider material facts presented to the Court before the order was entered. Here, Defendants argue reconsideration is proper because the Court failed to consider the following evidence: (1) paragraph seven of the declaration of Alberto Lensi, and (2) the Kernan declaration. [Dkt. 100-1 at 10]. Defendants' argument fails for the reason stated below.

Defendants' argument fails because the two pieces of evidence are not material. Under Local Rule 7-18, "[a] fact is 'material' if it 'might affect the outcome of the suit under the governing law.'" *Upstream Holdings, LLC v. Brekunitch*, No. 2:22-cv-03515-MCS (RAOx), 2024 WL 1699120 (C.D. Cal. Jan. 3, 2024) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Here, as discussed below, the evidence is not material because the Court denied the Defendants' motion for summary judgment for their failure to *identify* any evidence in support of their relevant arguments, not for the failure to *provide* any evidence. [Dkt. 99].

Regarding the Lensi declaration, the Court notes, as it made clear in its prior order, Defendants failed to cite to *any* evidence in the relevant portion of their Motion. [Dkt. 79 at 40, lines 18–22]. For clarity purposes, the Court has placed the relevant paragraph below:

> "[t]he Plaintiff here has not offered any evidence as to the likelihood of dilution. Again, no expert testimony, including surveys, has been presented and this required element cannot be established. *Visa Int'l Serv. Assoc., v. JSL Corp.*, 590 F. Supp. 2d at 1314. As such, summary adjudication or summary judgment should be entered on that ground as well." *Id*.

As evidenced above, there is no citation to *any* uncontroverted fact in this paragraph of Defendants' Motion, let alone any citation to paragraph 7 of the Lensi declaration. *Id*. To the extent Defendants may argue that it was "presented" in other paragraphs or sections via citation or that it was "presented" because it was attached as one of the over 100 attachments to their Motion, it is well established that Courts do not have to do the movant's job for it and find the evidence that supports the movant's position. *See e.g.*, *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel*, 927 F.3d 955, 956 (7th Cir. 1991)) (stating "judges are not like pigs, hunting for truffles in briefs"); *U-Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.*, No. 2:12-cv-00231, 2013 WL 4505800, at *2 (D. Nev. Aug. 21, 2013) (noting "the idea that courts will not perform the work of representing the parties is clear"); *Indep. Towers of Wash. v.*

*Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to sort through the "noodles [the parties' convoluted briefs]" to find the appellants' claims). Because the Court denied Defendants' motion for summary judgment as to the dilution claim for the failure to cite to *any* evidence, and such reasoning is not altered by the review of the Lensi declaration, the Lensi declaration is not a material fact. [Dkt. 99 at 30].

As for the Kernan declaration, the Court notes Defendants' argument fails for the same reason stated above. When one turns to the portion of Defendants' motion for summary judgment that relates to Plaintiff's claims for unfair competition and common law trademark infringement, it is again apparent that Defendants failed to cite any uncontroverted fact, let alone the Kernan declaration. [Dkt. 79 at 28–25]. The Court noted as such in its order denying the Parties' motions for summary judgment. [Dkt. 99 at 25 n.15]. As discussed above, such a failure meant that Defendants effectively failed to meet their burden of production. Thus, because the Court's reason for denying Defendants' summary judgment motion is wholly unimpacted by the current reference to the Kernan declaration, the Kernan declaration is not a material fact.

In sum, for a motion for reconsideration under Local Rule 7-18 to succeed, the movant must show the Court failed to consider a "material" fact presented to it before the motion was decided. Here, Defendants failed to do so. Accordingly, Defendants' Motion for Reconsideration is **DENIED**. [Dkt. 100].

**IT IS SO ORDERED**.